**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO DEPARTMENT OF CORRECTIONS,<br><br>    Defendant.<br>_____ / | CASE NO. 1:10-cv-00605-SKO PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Stephen Garcia, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 7, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Complaint

### A. Summary of Claim

Plaintiff brings this action against the Fresno Department of Corrections for violating his rights under the United States Constitution.[1] Plaintiff alleges that when he was arrested, he had a broken jaw. Plaintiff told jail staff about his medical problem and submitted grievances, but they failed to provide him with any medication or attention. Other inmates in Plaintiff's cell with less immediate medical needs were being provided with medication, and Plaintiff's request to go to a medical dorm was denied. Plaintiff was subsequently assaulted and his jaw was broken again.

### B. Medical Care Claim[2]

A prisoner's claim of inadequate medical care does not rise to the level of a constitutional violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of

---

[1] Presumably Plaintiff means the Fresno County Sheriff's Department.

[2] Plaintiff's allegations suggest that he was a pretrial detainee. Even though the rights of pretrial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same legal standard applies. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).

2

1  life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"
2  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732,
3  744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent
4  manner unless the official "knows of and disregards an excessive risk to inmate health or safety."
5  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Deliberate indifference may be
6  manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or
7  in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d
8  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,
9  1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,
10 the delay must have led to further harm in order for the prisoner to make a claim of deliberate
11 indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.
12 of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

13      Plaintiff's vague allegations are insufficient to support a claim for relief.  It is unclear from
14 the complaint what the status of Plaintiff's medical condition was and what his treatment plan was,
15 if any, at the time of his arrest.  The conclusory allegation that Plaintiff had a broken jaw and was
16 not given any medication falls well short of stating a plausible claim for relief against jail officials
17 for knowingly disregarded a substantial risk of harm to Plaintiff's health.  Farmer, 511 U.S. at 837.
18 Further, Plaintiff must adequately link individually named defendants to actions or omissions that
19 demonstrate a violation of his rights and he has not done so.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572
20 F.3d at 969.

21 **III.    Conclusion and Order**

22      Plaintiff's complaint fails to state a claim upon which relief may be granted under section
23 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the
24 deficiencies identified by the Court in this order.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.
25 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature
26 of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d
27 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

28 ///

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed April 7, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 6, 2011**                              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE